## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| CHRIS D. DAVIS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. |
| DYNAMIC RECOVERY SOLUTIONS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## <u>COMPLAINT</u>

NOW comes CHRIS D. DAVIS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, and the Texas Deceptive Trade Practices Act ("DTPA") under Tex. Bus. & Com. Code § 17 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

PARTIES

4.   Plaintiff is a 43 year-old natural person residing in Houston, which falls within the Southern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant provides "nationwide consumer and commercial collection services to organizations, including those within the Banking, Student Loans, Heath [sic] Care, Retail, Telecommunications, Utilities, Legal, and Real Estate"[1] sectors. Defendant is a limited liability company organized under the laws of the state of South Carolina. Defendant's registered agent is National Registered Agents, Inc., located at 2 Office Park Court, Suite 103, Columbia, South Carolina.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.   In approximately the fall 2016, Plaintiff began receiving calls to his cellular phone, (713) XXX-6851, from Defendant.

---

[1] https://www.gotodrs.com/

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6851.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has mainly used the number (713) 574-2372 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

12.  Upon information and belief, the aforementioned phone number ending in 2372 is regularly utilized by Defendant during its debt collection activity.

13.  Upon answering calls from Defendant, Plaintiff has experienced a noticeable pause, lasting approximately three to five seconds in length, before a live representative begins to speak.

14.  Plaintiff has never had any business relationship with Defendant, nor has Plaintiff ever given Defendant permission to call his cellular Phone, so Plaintiff was confused as to why Defendant was contacting him.

15.  Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon a debt owed by an individual named "Salvador Herrera."

16.  Plaintiff is not familiar with any individual by that name, so, on several occasions, Plaintiff informed Defendant that it was calling the wrong party and demanded that it cease contacting him on his cellular phone.

17.  During one conversation, Defendant's representative even apologized to Plaintiff for calling him after he had previously asked it to stop.

18.  Despite Plaintiff's demands and the information provided to Defendant, Plaintiff has received incessant phone calls from Defendant up until the filing of this complaint.

19.  Plaintiff has received dozens of phone calls from Defendant since demanding that it stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $56.00 to purchase and maintain an application on his cellular phone to help quell Defendant's calls. However, the communications have continued.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

   **a. Violations of FDCPA §1692b & c(b)**

4

29. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

30. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt for an individual named Salvador Herrera. Plaintiff explicitly notified Defendant that he was not the individual it was looking for and demanded that it stop calling him. Defendant had more than enough information to know that the number it was calling did not belong to anyone named Salvador Herrera, especially since Plaintiff advised Defendant that he is unfamiliar with an individual with that name on several occasions. Armed with this information, Defendant still continued to call Plaintiff's cellular phone numerous times without his consent.

**b.  Violations of FDCPA §1692c(a)(1) and §1692d**

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop and that it was contacting the wrong individual. Defendant called Plaintiff dozens of times after Plaintiff demanded that it stop, and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

33. Defendant was notified by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### c. Violations of FDCPA § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

36. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff dozens of times in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though the debt was not his. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to

contact him via an automated system when, not only did not have consent in the first place, but it was also subsequently told to stop calling.

### d. Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff dozens of times and asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with an individual named Salvador Herrera, whom Plaintiff is unfamiliar with. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and after being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As pled in paragraphs 19 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, CHRIS D. DAVIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

40.   Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41.   The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

42.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause, lasting approximately three to five seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls.  Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

43.   Defendant violated the TCPA by placing dozens of phone calls to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone. Defendant was calling Plaintiff's cellular phone looking for a different party with whom Plaintiff is unfamiliar. As such, Plaintiff could not have given Defendant consent to contact him. Even if Defendant did have a legitimate business reason for initially contacting Plaintiff, which it did not, he explicitly revoked any consent by his demands to cease contact.

44. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant's willful conduct is exemplified by its persistent calling of Plaintiff's cellular phone despite knowing that the phone number does not belong to the individual upon whom Defendant is attempting to collect.

WHEREFORE, Plaintiff, CHRIS D. DAVIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

46.  Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

48. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

49. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.  Violations of TDCA § 392.302**

50. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

51. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone dozens of times after he notified it to stop calling and after having notice that Plaintiff was not the purported debtor.  This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. Further, the nature and volume of phone calls would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff, CHRIS D. DAVIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

52.  Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53.  The DTPA states:

> "False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code."   Tex. Bus. & Com. Code § 17.46.

54. Plaintiff is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

55. Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4).

56. Defendant is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

57. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

58. Defendant violated the DTPA by engaging in an unlawful deceptive act or practice in contacting Plaintiff.  Defendant relentlessly called Plaintiff through means of an ATDS when he demanded that it stop calling him, and after becoming aware that Plaintiff was not the subject of the underlying debt.  Defendant ignored Plaintiff's requests and information by continuing to systematically place calls to his cellular phone without his consent.  By doing so, Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of a debt when it did not. Defendant was never given consent to contact Plaintiff in the first place and especially after Plaintiff demanded that it stop calling, Defendant was obligated under the TCPA to cease its contacts. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in a deceptive act, willfully done knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

59. The DTPA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

60. The DTPA further states:

> "A consumer may maintain a cause of action where [ ] the following constitute[s] a producing cause of economic damages or damages for mental anguish: any unconscionable action or course of action by any person." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

61.  As pled in paragraphs 19 through 23, Plaintiff has suffered actual damages as a result of

11

Defendant's unconscionable practices, including expending money to purchase and maintain an application on his cellular phone.  As such, Plaintiff is entitled to relief pursuant to Tex. Bus. & Com. Code. § 17.50(b)(1)(3).  An award of three times actual damages and punitive damages is appropriate because Defendant's conduct was committed knowingly and intentionally.   After Defendant was notified by Plaintiff that he was not the party it was seeking and that he did not wish to receive any more phone calls, Defendant clearly knew that it should no longer contact Plaintiff.   Yet, Defendant acted in defiance of Plaintiff's prompts and the law by continuing to bombard him with collection calls. In an unfair and unconscionable manner, Defendant called Plaintiff dozens of times in an attempt to harass him.

62.  As stated, Defendant is also in violation of the TDCA.  "A violation of the TDCA is a per se deceptive trade practice under the DTPA, and is actionable under the DTPA." Tex. Fin. Code. Ann. § 392.404(a).

63.  Thus, Defendant's harassment campaign does not only violate the TDCA, as evidenced above, but also constitutes a per se deceptive trade practice pursuant to the DTPA.   Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Texas and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, CHRIS D. DAVIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

g.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

h.  Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code. §17.50(b)(1)(3);

i.  Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. & Com. Code §17.50(b)(1);

j.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

k.   Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Bus. & Com. Code § 17.50(d);

l.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 30, 2017                              Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                 s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                     Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                Counsel for Plaintiff
Admitted in the Southern District of Texas           Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                  2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                              Lombard, Illinois 60148
(630) 568-3056 (phone)                               (630) 581-5858 (phone)
(630) 575-8188 (fax)                                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                             thatz@sulaimanlaw.com